UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **KELLY BOHAN** <br> 2776 Beecherfalls Court <br> Cincinnati, OH  45233 <br><br> Plaintiff, <br><br> v. <br><br> **AVENTURA AT WEST PARK LLC** <br> 2950 W. Park Drive <br> Cincinnati, OH  45238 <br><br> Defendant. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | Case No. 1:23-cv-211 <br><br> Judge <br><br> **COMPLAINT** <br><br> **JURY DEMAND ENDORSED HEREON** |

## PARTIES

1. Plaintiff Kelly Bohan ("Ms. Bohan") is a citizen and resident of the State of Ohio.

2. Defendant Aventura at West Park LLC ("Aventura" or "Defendant") is an Ohio limited liability company that operates a nursing home and rehabilitation facility.

3. Aventura is an employer within the meaning of relevant Ohio and federal law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Counts I, III and V of this Complaint pursuant to 28 U.S.C. § 1331 because these Counts arise under the Americans with Disabilities Act, the Age Discrimination in Employment Act, and the Family and Medical Leave Act, respectively.

5. This Court has jurisdiction over the Counts II and IV of this Complaint, because these Counts derive from the same set of facts as the federal law claims.

6. This Court has personal jurisdiction over Aventura because it conducts business and employed Ms. Bohan within this district and division.

7. Venue is proper in this division and district because Ms. Bohan was employed in this division and district, and the conduct giving rise to her claims occurred within this division and district.

8. Ms. Bohan filed a timely Charge against Aventura with both the Equal Employment Opportunity Commission and the Ohio Civil Rights Commission, alleging claims of age discrimination, disability discrimination and retaliation. Ms. Bohan has received a notice of right to sue on the claims she alleged in her Charge.

## FACTUAL BACKGROUND

9. Ms. Bohan worked for Aventura and its predecessor for approximately 33 years at Aventura's West Park nursing and rehabilitation facility ("West Park"). Over the course of her career, she worked her way up from STNA, to Nurse Manager, to Quality/Infection Control Director. Most recently, she held the position of Director of Nursing.

10. Aventura acquired West Park from Mercy Health, and it assumed management of West Park's operations in approximately March 2022.

11. Ms. Bohan was a loyal and dedicated employee who devoted herself to ensuring that a more than a generation of elderly residents received the best possible care, including through some very difficult times that involved staffing shortages, the COVID-19 pandemic, and the transition in West Park's ownership from Mercy Health to Aventura. Throughout her tenure, she regularly received favorable performance reviews and was held in high regard throughout the company and among her co-workers. Under Ms. Bohan's leadership as Director of Nursing, West

Park scored far better than the state average on its annual state surveys and maintained five-star ratings for quality measures.

12. Ms. Bohan was an extremely hardworking employee who typically worked in excess of 60 hours per week. She regularly fielded calls and attended to issues from home at night and on weekends, and frequently came to work on the weekends to cover for staff.

13. Ms. Bohan suffers from serious health conditions under the Family and Medical Leave Act ("FMLA") which are disabilities under the Americans with Disabilities Act ("ADA") and Chapter 4112 of the Ohio Revised Code.

14. In the months leading up to Ms. Bohan's termination, her health conditions began to worsen, requiring more frequent treatments and appointments. Symptoms of her disability became visible to Ms. Bohan's co-workers and Aventura's Executive Director, Blake Selnick ("Mr. Selnick").

15. Mr. Selnick made multiple hurtful jokes, mocking the appearance of Ms. Bohan's symptoms.

16. On or about June 23, 2022, Mr. Selnick placed Ms. Bohan on a 30-day Performance Improvement Plan ("PIP"), citing baseless or entirely fabricated performance concerns.

17. Although the PIP was meritless, Ms. Bohan scrupulously complied with it and achieved the goals that were identified within it.

18. Nevertheless, on or about July 27, 2022, Aventura falsely claimed Ms. Bohan had failed to meet two of the goals of the PIP, and fired Ms. Bohan after 33 years of devoted service.

19. Aventura then replaced Ms. Bohan with a substantially younger and non-disabled employee.

## COUNT I

**(Disability Discrimination in Violation of the Americans with Disabilities Act)**

20. Ms. Bohan alleges all of the foregoing paragraphs as if fully rewritten herein.

21. At all relevant times, Ms. Bohan had disabilities, and/or was perceived by Defendant as being disabled.

22. Ms. Bohan was fully qualified for all positions that she held for Defendant.

23. Aventura treated Ms. Bohan worse than similarly situated, non-disabled employees and then fired her based on her disabilities and/or perceived disabilities in violation of the Americans with Disabilities Act.

24. On information and belief, Aventura replaced Ms. Bohan with a non-disabled employee.

25. Aventura's conduct was intentional, willful, wanton and malicious in nature.

26. As a direct and proximate result of Aventura's conduct as set forth above, Ms. Bohan has suffered injury and damages for which she is entitled to recovery under the Americans with Disabilities Act.

## COUNT II

**(Disability Discrimination in Violation of ORC Chapter 4112)**

27. Ms. Bohan alleges all of the foregoing paragraphs as if fully rewritten herein.

28. At all relevant times, Ms. Bohan had disabilities, and/or was perceived by Defendant as being disabled.

29. Ms. Bohan was fully qualified for all positions that she held for Defendant.

30. Aventura treated Ms. Bohan worse than similarly situated, non-disabled employees and then fired her based her his disabilities and/or perceived disabilities in violation of Chapter 4112 of the Ohio Revised Statues.

31. On information and belief, Aventura replaced Ms. Bohan with a non-disabled employee.

32. Aventura's conduct was intentional, willful, wanton and malicious in nature.

33. As a direct and proximate result of Aventura's conduct as set forth above, Ms. Bohan has suffered injury and damages for which she is entitled to recovery under ORC Chapter 4112.

## COUNT III

**(Age Discrimination in Violation of the Age Discrimination in Employment Act)**

34. Ms. Bohan realleges the foregoing paragraphs as if fully rewritten herein.

35. Ms. Bohan was 52 years old when Aventura fired her.

36. Aventura was aware of Ms. Bohan's age at the time it fired her.

37. Aventura treated Ms. Bohan worse than similarly situated, substantially younger employees and then fired her based upon her age in violation of the federal Age Discrimination in Employment Act.

38. Aventura's termination of Ms. Bohan permitted the hiring and/or retention of substantially younger employees.

39. Aventura's actions were willful, wanton, malicious, and/or in reckless disregard of Ms. Bohan' rights.

40. As a direct and proximate result of Aventura's unlawful discriminatory conduct, Ms. Bohan has been injured and is entitled to recovery.

## COUNT IV

### (Age Discrimination in Violation of ORC Chapter 4112)

41.     Ms. Bohan realleges the foregoing paragraphs as if fully rewritten herein.

42.     Ms. Bohan was 52 years old when Aventura fired her.

43.     Aventura was aware of Ms. Bohan's age at the time it fired her.

44.     Aventura treated Ms. Bohan worse than similarly situated, substantially younger employees and then fired her based upon her age in violation of Chapter 4112 of the Ohio Revised Code.

45.     Aventura's termination of Ms. Bohan permitted the hiring and/or retention of substantially younger employees.

46.     Aventura's actions were willful, wanton, malicious, and/or in reckless disregard of Ms. Bohan's rights.

47.     As a direct and proximate result of Aventura's unlawful discriminatory conduct, Ms. Bohan has been injured and is entitled to recovery.

## COUNT V

### (Family and Medical Leave Act Violation and Retaliation)

48.     Ms. Bohan realleges the foregoing paragraphs as if fully rewritten herein.

49.     Ms. Bohan suffered from serious health conditions as defined by the Family and Medical Leave Act, 29 U.S.C. § 2611 (the "FMLA").

50.     Ms. Bohan took leave from work in connection with her serious health conditions that was protected by the FMLA.

51.     Aventura interfered with Ms. Bohan's ability to exercise her rights under the FMLA in violation of the FMLA.

52. Aventura retaliated against Ms. Bohan by disciplining her and then firing her because she attempted to exercise her rights under the FMLA.

53. Defendant's actions constitute willful violations of the FMLA.

54. As a result of Defendant's willful violation of the FMLA, Ms. Bohan has suffered damages and is entitled to relief.

**WHEREFORE**, Plaintiff Kelly Bohan demands judgment against Defendant Aventura at West Park LLC as follows:

(a) That Defendant be enjoined from further unlawful conduct as described in the Complaint;

(b) That Plaintiff be awarded compensatory damages including emotional distress damages;

(c) That Plaintiff be awarded all lost pay and benefits;

(e) That Plaintiff be awarded punitive damages;

(f) That Plaintiff be awarded liquidated damages;

(g) That Plaintiff be awarded pre-judgment interest;

(h) That Plaintiff be awarded reasonable attorneys' fees; and

(i) That Plaintiff be awarded all other legal and equitable relief to which she may be entitled.

## JURY DEMAND

Plaintiff Kelly Bohan hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Theodore C. Copetas
Theodore C. Copetas (0068419)
David A. Eberly (0067007)
Eberly McMahon Copetas LLC
2245 Gilbert Ave., Suite 101
Cincinnati, OH 45206
(513) 533-9898
(513) 533-3554 Fax
tcopetas@emclawyers.com
deberly@emclawyers.com
*Attorneys for Plaintiff Kelly Bohan*